UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| FARON R. HAWKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF IDAHO, C.L. OTTER, MOLLY HUSKEY, DARREL G. BOLZ, SARA B. THOMAS, KIMBER RICKS, CHUCK WINDER, CHRISTY PERRY, ROGER BOURNE, JAN BENNETTS, MICHAEL McLAUGHLIN, ALAN TRIMMING, AMERICAN CIVIL LIBERTIES UNION, JASON WILLIAMSON, RICHARD EPPINK, LEO MORALES, HOGAN LOVIL, U.S. LLP, KATHERYN M. ALI, LAWRENCE WASDEN, et al.,<br><br>    Defendants. | Case No. 1:15-cv-00550-CWD<br><br>**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER** |

Plaintiff Faron R. Hawkins, an inmate in the custody of the Idaho Department of Correction, has filed a prisoner civil rights complaint that is subject to review by the Court to determine whether it should be dismissed under 28 U.S.C. §§ 1915 or 1915A. Because the Complaint appears subject to dismissal, and because not all parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c), the Court will reassign this case to Chief Judge B. Lynn Winmill.

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 1**

In so doing, the Court recognizes that Plaintiff has named Judge Winmill and Judge Lodge—the only United States District Judges in the District of Idaho—as defendants in this lawsuit. However, the law is clear that, where all the judges in a district are sued, recusal is not necessary. *See Tapia-Ortiz v. Winter*, 185 F.3d 8 (2d Cir. 1999) (appeal setting); *Anderson v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) ("The Court will not allow plaintiffs to impede the administration of justice by suing every district court judge in the Northern District of Illinois until their case is transferred out of the Seventh Circuit."); *Turner v. American Bar Association*, 407 F. Supp. 451, 481 (N.D. Tex. 1975) ("where all are disqualified, none are disqualified"), a*ff'd without opinion sub nom, Taylor v. Montgomery*, 539 F.2d 715 (7th Cir. 1976).

The Court also notes that Plaintiff was previously issued three strikes in federal court in Cases 1:08-cv-00006-EJL, 1:08-cv-00007-EJL, and 1:08-cv-00008-EJL, for filing cases that eventually were dismissed on the grounds of frivolousness, maliciousness, or failure to state a claim upon which relief can be granted.

Accumulating three strikes means that a prisoner can no longer file an action in forma pauperis, but must pay the full filing fee of $400.00 at the time of filing, with one exception—a prisoner with three strikes may be permitted to file an in forma pauperis action if he appears to be "under imminent danger of serious physical injury." 28 U.S.C. §1915(g). If he is not in such danger, then he must pay the $400 filing fee at the time of filing. Because Plaintiff has been issued three strikes, he is given notice that he must show that he qualifies for "imminent danger" status under 28 U.S.C. §1915(g).

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 2**

Nothing in Plaintiff's Complaint shows that he is in imminent danger, such that he should not be required to pay the filing fee. The bulk of his case is aimed at overturning his criminal conviction and sentence (discussed in detail below). He also sues a news reporter, for refusing to run stories about government corruption (Dkt. 6-1, p. 15); the Ada County Clerk of Court, for refusing to accept a lawsuit on this same subject matter (*Id.*, p. 17); the ACLU for failure to include convicted felons in the members of a class action lawsuit filed on behalf of persons currently charged with a crime who are in need of public defender assistance, (*Id.*, p. 14); the governor, for unlawful and fraudulent use of taxpayer funds (*Id.*, p. 18); Judges Bush, Lodge and Winmill, for delaying and denying his claims in Plaintiff's other federal court actions (Dkt. 6-3, p. 1); the federal courts for requiring offenders to use the e-filing system (Dkt. 6-1, p. 24); the president of the United States, for allowing and promoting United States Attorneys who discriminate against black, white, Asian, gay, and other groups by choosing to allow states to prosecute bank robbery, instead of prosecuting such crimes in federal court (Dkt. 6-3, p. 3); and the United States, for denying Plaintiff the right to file a complaint under the three strikes statute (Dkt. 6-4, p. 18.). None of these claims shows that Plaintiff is in imminent danger of physical harm.

Even if a prisoner pays the filing fee, he is not automatically entitled to proceed with his lawsuit. Rather, under 28 U.S.C. § 1915A, each complaint filed by a prisoner seeking relief against a governmental entity or its employees must be reviewed by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 3**

claim, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

Plaintiff's civil rights case challenges his state criminal convictions and sentences. Indeed, he asks this Court to take judicial notice of his federal habeas corpus action and incorporate his claims from that action into this action. However, in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, a prisoner must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by issuance of a writ of habeas corpus. *Id.* Otherwise, if such a claim has not been invalidated, it is not cognizable under § 1983. *Id.*

Here, among other relief, Plaintiff requests that his "indictment be vacated as unlawfully obtained," that "his sentence be vacated" and that he be "immediately released from custody." (Dkt. 6.) These remedies are not available in a civil rights action, and they underscore Plaintiff's intent to seek to overturn his conviction and sentences via a civil rights action, which is not permissible. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, Plaintiff's Complaint appears subject to dismissal for failure to state a claim upon which relief can be granted and subject to issuance of a fourth strike. Plaintiff may file a brief response of no more than 10 pages if he disagrees with this

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 4**

Court's assessment of his case. Plaintiff shall not file anything further except his brief until Judge Winmill enters an Order determining whether Plaintiff is entitled to proceed.

## ORDER

**IT IS ORDERED:**

1. This case is reassigned to the Honorable Chief Judge B. Lynn Winmill.

2. Plaintiff may file a brief response of no more than 10 pages if he desires to contest dismissal.

3. Plaintiff shall file nothing more in the case other than a brief response until Judge Winmill determines whether Plaintiff is entitled to proceed.

DATED: April 22, 2016

Honorable Candy W. Dale
United States Magistrate Judge

**INITIAL REVIEW ORDER AND REASSIGNMENT ORDER - 5**